UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

FERNANDO MONDRAGON, an individual

    Plaintiff,

vs.

RENTOKIL NORTH AMERICA, INC. a.k.a. EHRLICH PEST CONTROL, J.C. EHRLICH CO., INC., RENTOKIL STERITECH, and RENTOKIL INITIAL PLC., a Foreign Profit Corporation.

    Defendant.

**COMPLAINT**

Plaintiff, Fernando Mondragon, ("Plaintiff") sues Defendant, Rentokil North America, Inc. a.k.a. Erlich Pest Control, J.C. Ehrlich Co., Inc., Rentokil Steritech and Rentokil Initial PLC ("Defendant") for age, race, and disability discrimination in its employment practices, which deprived Plaintiff of employment opportunities and subjected him to disparate treatment because of his age, race, national origin and perceived disability.

## Jurisdiction and Parties

1. This is an action for damages in excess of $75,000.00, exclusive of interest, cost, and attorney's fees, for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; 42 U.S.C. §1983; Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.* ("ADEA"); the Florida Civil Rights Act of 1992, *Fla. Stat.* §760.10,

Fla. Stat. *et seq*. ("FCRA") and the Florida Common Law, and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA").

2. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. §1332, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. §1367(a). The jurisdiction of the Court is further invoked to secure protection for and to redress the deprivation of rights protected by Title VII, 42 U.S.C. §1983, the ADA, the ADEA, as well as the FCRA.

3. At all times material to this cause of action, Plaintiff is a natural person, *sui juris,* who is a resident of the State of Florida and resides in Miami-Dade County, Florida.

4. At all times material to this cause of action, Defendant is a foreign Profit Corporation, registered to do business in the State of Florida, with its principal place of business in Wyomissing, Pennsylvania.

5. At all times material hereto, Plaintiff was an "*aggrieved person*" as defined by the FCRA, Fla. Stat. § 760.02 (10).

6. At all times relevant and material, Defendant employed more than 15 employees and was Plaintiff's employer within the meaning of FCRA, Fla. Stat. § 760.02 (7); ADA, 42 U.S.C. §12111 (5)(A); and Civil Rights Act of 1964, 42 U.S.C §2000e (b).

7. At all times during his employment relationship with Defendant, Plaintiff was Defendant's "employee" as defined by Florida Civil Rights Act applicable case law; ADA, 42 U.S.C. §12111 (4); and Civil Rights Act of 1964, 42 U.S.C. §§ 2000e (f).

8. This court has jurisdiction over all the parties to this matter as Plaintiff resides in this State and Defendant is registered to do business in this State.

9. Venue is proper under 28 U.S.C. § 1391(b) because all of the discriminatory acts complained by Plaintiff occurred within this judicial district and because Defendant operates a place of business within this judicial district.

10. On or about February 19, 2018, Mondragon filed a charge of discrimination with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on his race, age, and handicap.

11. All conditions precedent have been satisfied, waived or excused before the filing of the instant lawsuit.

## General Allegations Common to All Counts

12. Plaintiff, Mondragon is a 50-year-old Hispanic man with many years of experience as account manager, customer relationship management, fumigation inspector and sales representative.

13. Plaintiff worked for Defendant as an inspector and sales representative for nine years. On May 4, 2016, while working, Plaintiff had an accident which required him to use a cane until Plaintiff could have surgery.

14. On July 31, 2017, Plaintiff applied to the Regional Sales Manager position with the Defendant.

15. Despite Plaintiff's superior qualifications and excellent performance history with the company, he was not contacted for an in-person interview because of his race, age, national origin or disability and his employer denied him the position of Regional Sales Manager.

16. Instead, Defendant hired a younger, less qualified and non-Hispanic individual to fill that position.

17. Defendant's refusal to promote Plaintiff to the Regional Sales Manager adversely affected his status as an employee and deprived him of his employment opportunities with Defendant.

18. Defendant refused to promote Plaintiff because of his race, age, and actual or perceived disability.

19. On December 18, 2017, Defendant terminated Plaintiff's employment.

## Count I
### (Age Discrimination in violation of the ADEA, 29 U.S.C. §621 et seq.)

Plaintiff incorporates paragraphs 1 through 19 as alleged herein and further states as follows:

20. Plaintiff was over the age of 40 during his employment with Defendant.

21. Plaintiff was treated less favorably than other individuals in regard to his employment because of his age.

22. Plaintiff was not promoted by Defendant, because Defendant considered him too old for the position.

23. Plaintiff's age was a factor in his termination.

24. Defendant's decision not to promote Plaintiff and to terminate Plaintiff due to his age was illegal age discrimination in violation of the ADEA.

25. As a consequence of Defendant's unlawful discrimination based on age, Plaintiff suffered damages and was forced to retain the undersigned to bring this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

   a. Assume jurisdiction of this cause of action and the parties;

   b. Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute disparate treatment in violation of Plaintiff's rights as secured by ADEA, 29 U.S.C. §621 *et seq.*;

   c. Order Defendant to make Plaintiff whole, as he was adversely affected by the activities described of herein, by providing appropriate lost wages, back pay, compensatory damages, mental anguish, loss of dignity and punitive damages pursuant to 29 U.S.C. §621 *et seq.*; and,

   d. Enter an award and judgment for attorneys' fees and costs, and all other further relief that this Court deems necessary and proper.

## Count II
**(Disability Discrimination in violation of the Fla. Civ. Rights Act of 1992 Fla. Stat. § 760.01, et seq. and the Americans with Disabilities Act, 42 U.S.C. § 12111 et seq.)**

Plaintiff incorporates paragraphs 1 through 19 as alleged herein and further states as follows:

26. Plaintiff began using a cane to attend work due to an injury sustained at work.

27. Plaintiff's injury was ongoing and impaired his ability to participate in the major life activity of walking.

28. Plaintiff was able to perform his job without any accommodation.

29. Plaintiff was a qualified individual with a disability under the ADA, and an individual with a handicap under the FCRA.

30. Defendant also perceived Plaintiff as having a disability because of his use of a cane.

31. Defendant refused to promote Plaintiff due to his actual or perceived disability.

32. On December 18, 2017, Defendant terminated his employment due to Plaintiff's actual or perceived disability.

33. Defendant's failure to promote and termination of Plaintiff due to his actual or perceived disability was illegal discrimination in violation of the ADA and the FCRA.

34. As a result of Defendant's unlawful discrimination based on disability, Plaintiff has suffered damages and was forced to retain the undersigned to bring this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Assume jurisdiction of this cause of action and the parties;

b. Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute discrimination based on handicap in violation of Plaintiff's rights as secured by The Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq*. and the ADA, 42 U.S.C. § 12101 et seq.

c. Order Defendant to make Plaintiff whole, as he was adversely affected by the activities described of herein, by providing appropriate lost wages, back pay, compensatory damages, mental anguish, loss of dignity and punitive damages pursuant to Fla. Civ. Rights 1992, Fla. Stat. § 760.01, et seq. and the ADA, 42 U.S.C. § 12101 et seq.*;* and,

d. Enter an award and judgment for attorneys' fees and costs, and all other further relief that this Court deems necessary and proper.

### Count III
**(Race Discrimination Pursuant to the Fla. Civ. Rights Act of 1992 Fla. Stat. § 760.01, et seq. and Title VII of the Civil Rights Act of 1964, as amended)**

Plaintiff incorporates paragraphs 1 through 19 as alleged herein and further states as follows:

35. Plaintiff is Hispanic and Colombian and was treated differently than non-Colombian employees by Defendant.

36. Defendant failed to promote Plaintiff to Regional Sales Manager because of his race or national origin, and terminated Plaintiff because of his race or national origin.

37. Defendant's failure to promote and termination of Plaintiff because of his race or national origin is illegal discrimination in violation of the FCRA and Title VII.

38. As a result of Defendant's unlawful discrimination based on race or national origin, Plaintiff has suffered damages and was forced to retain the undersigned to bring this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Assume jurisdiction of this cause of action and the parties;

b. Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute age discrimination in violation of Plaintiff's rights as secured by The Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.*; and Title VII of the Civil Rights Act of 1964.

c. Order Defendant to make Plaintiff whole, as he was adversely affected by the activities described of herein, by providing appropriate lost wages, back pay, compensatory damages, mental anguish, loss of dignity and punitive damages pursuant to Fla. Civ. Rights 1992, *Fla. Stat.* § 760.01, *et seq.* and Title VII of the Civil Rights Act of 1964, as amended; and,

    d. Enter an award and judgment for attorneys' fees and costs, and all other further relief that this Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Mondragon hereby demands a jury trial as to all issues triable by a jury.

Respectfully submitted on this 30th day of August 2019.

          **The Harris Law Firm Group, P.A.**
          201 South Biscayne Blvd., Suite 2700
          Miami, Florida 33131
          Telephone:   305.536.6131
          Facsimile:    305.536.6130

By:    ***/s/Robert N. Harris***
          Robert Newton Harris, Esq.
          Fla. Bar. No.: 87671
          robert@harrislawinfo.com
          lruiz@harrislawinfo.com